[Cite as *Ruiz v. Musa*, 2022-Ohio-1720.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

CHELSEA K. RUIZ,

    Plaintiff-Appellant,

- v -

DANIEL MUSA,

    Defendant-Appellee.

**CASE NO. 2021-L-088**

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2013 DR 000189

---

## O P I N I O N

Decided: May 23, 2022
Judgment: Affirmed

---

*Cory R. Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Ave., Mentor, OH 44060 (For Plaintiff-Appellant).

*Jon D. Axelrod*, Axelrod Law Office, 7976 Tyler Boulevard, Mentor, OH 44060 (For Defendant-Appellee).

*Denise Cook*, 154 East Aurora Road, PMB# 231, Northfield, OH 44067 (Guardian Ad Litem).

MATT LYNCH, J.

{¶1} Plaintiff-appellant, Chelsea K. Ruiz, appeals the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, terminating the shared parenting plan with defendant-appellee, Daniel Musa, and designating Musa the sole residential parent and legal custodian of the parties' two minor children. For the following reasons, we affirm the decision of the court below.

{¶2}   On July 15, 2014, Ruiz and Musa were issued a Decree of Divorce, pursuant to which custody of their minor children was governed by a shared parenting plan.

{¶3}   On January 6, 2021, a hearing was held on the following motions: Ruiz' July 12, 2019 Motion for Change of Parenting Time; Ruiz' July 12, 2019 Motion for Change of Parental Rights and Responsibilities; Ruiz' April 29, 2020 Amended Motion to Modify Shared Parenting Plan; and Musa's September 17, 2019 Motion to Terminate Shared Parenting Plan.[1]

{¶4}   On July 20, 2021, the domestic relations court denied Ruiz' Motions, granted Musa's Motion, and designated Musa as the sole residential parent and legal custodian of the minor children.

{¶5}   On August 10, 2021, Ruiz filed a Notice of Appeal.  On appeal, she raises the following assignments of error:

> [1.] The trial court erred on January 6, 2021 (as journalized on July 20, 2021) as it created a due process violation related to Mother's potential trial exhibits.
>
> [2.] The trial court erred on January 6, 2021 (as journalized on July 20, 2021) as it created a due process violation related to Mother's potential witnesses.
>
> [3.] The trial court erred on January 6, 2021 (as journalized on July 20, 2021 and July 22, 2021) because it admitted the Guardian Ad Litem's report when it was predicated upon inadmissible statements.

---

1. The domestic relations court's July 20, 2021 Judgment Entry identifies two motions to terminate shared parenting filed by Musa on July 19 and September 1, 2019.  No such motions appear on the court's docket or in the record before this court.  At trial, the court only referenced a single motion to terminate filed on September 17, the only such motion in the record before this court.

2

**{¶6}** In the first two assignments of error, Ruiz argues that the domestic relations court's manner of conducting the January 6 trial by Zoom Video Conference was violative of due process with respect to her ability to present evidence. Ruiz "is not arguing that the Court's decision to hold her January 6, 2021 trial through video conferencing via Zoom was an error in itself, [she] is arguing that her due process rights were eventually jeopardized as a collateral result of trial being held through Zoom." Brief of Appellant at 3. The procedures for conducting the hearing via Zoom created "uncertainty related to the offering of the exhibits" and "deprived [Ruiz] of * * * an opportunity to be heard in that she did not offer the exhibits she had placed on her exhibit list." *Id.* at 5. Similarly, owing to the confusion regarding the ability to call witnesses, Ruiz failed to call any witnesses despite indicating an intention to do so.

**{¶7}** In the context of adjudicatory hearings, due process affords the parties whose rights may be affected a "full opportunity to present their own evidence, to confront and cross-examine adverse witnesses, and to present oral argument in support of their respective positions." *In re Hua*, 62 Ohio St.2d 227, 230, 405 N.E.2d 255 (1980). We do not find any deprivation of such opportunities in the present case, either in the procedures established by the court for the conduct of the hearing or in the actual conduct of the hearing.

**{¶8}** Prior to the Zoom hearing, the domestic relations court issued the following instructions regarding the presentation of exhibits and witnesses: "Exhibits shall be pre-marked and sent electronically to opposing counsel * * * at least 48 hours prior to the hearing and to the Court at least 24 hours prior to the hearing." "Counsel (or a party if unrepresented) shall forward the video link provided by the Court to parties and witnesses

3

**ONLY**." "There shall be a separation of witnesses and no witnesses shall participate in or listen to the hearing except when he or she is testifying."

{¶9} On December 14, 2020, Ruiz, acting pro se, submitted her Witness and Exhibit List, identifying Exhibits A through T and three witnesses.

{¶10} At the beginning of the hearing, there was some confusion on the part of the domestic relations court as to whether it had received copies of Ruiz' exhibits electronically. Counsel for Musa and the guardian ad litem affirmed that they had received copies consistent with the court's instructions. The court declared a recess to locate the exhibits. The transcript resumes about an hour later with Ruiz either testifying or presenting argument. The court observed that Ruiz' statement was "more of a closing statement" and asked if there was "any more testimony from yourself you wish to offer?" Ruiz replied, "no." The court inquired whether Ruiz would "like Exhibit G admitted into evidence?" Ruiz responded that she would like "all of [her] exhibits to be admitted to evidence." The court then explained that, before they could be admitted, they would have "to come [in] through testimony" or "stipulation." Exhibit G was then admitted without objection. The court then asked if Ruiz had other witnesses to call and she replied that she did not. Ruiz used two other Exhibits (F and O) during her cross-examination of Musa's witnesses which were not offered for admission.

{¶11} Contrary to the suggestion created by the Appellant's Brief, nothing about the conduct of the Zoom hearing deprived Ruiz of the opportunity to present evidence or impeded her from availing herself of the opportunity to do so. Ruiz' reasons for utilizing only three of the exhibits identified in her Witness and Exhibit List are, as argued on appeal, uncertain. What is not uncertain is that those reasons, whatever they may be,

4

were Ruiz' own reasons and reflect her own decisions as to how her case was presented. Although portions of Ruiz' testimony appear to be lacking from the transcript, it is evident that she only introduced Exhibit G during her direct testimony. No amount of indulgence toward a pro se litigant will support a finding of error in the admission of exhibits when those exhibits have not been proffered for admission.

{¶12} There is even less basis for finding error when considering the issue of witnesses. The three witnesses identified in the Witness and Exhibit List were: "(1) Defendant (cross-examine), (2) Denise Cook, GAL, and (3) Ivana Gavran (cross-examine)." Each of these witnesses testified at trial and was subject to cross-examination by Ruiz. We note that Cook was called by Musa on direct which was appropriate inasmuch as Cook's recommendation favored Musa's position.

{¶13} The first two assignments of error are without merit.

{¶14} In the third assignment of error, Ruiz contends it was error for the domestic relations court to admit the report of guardian ad litem Cook as an exhibit because it constituted hearsay and, thus, must satisfy one of the exceptions to the rule against hearsay.

{¶15} Ruiz is incorrect. This court and others have held that the reports of court-appointed investigators may be considered as evidence despite containing hearsay statements provided that the investigator is available for cross-examination by the parties and that there is not exclusive reliance on such statements. *Degrant v. Degrant*, 2020-Ohio-70, 151 N.E.3d 61, ¶ 34 (11th Dist.); *In re T.B.-G.*, 8th Dist. Cuyahoga No. 106713, 2018-Ohio-4116, ¶ 15.

5

{¶16} Ruiz cites *In re Sherman*, 162 Ohio App.3d 73, 2005-Ohio-3444, 832 N.E.2d 797 (3d Dist.), for the proposition that, "to be admissible, [an investigative report of a GAL] must fall within a hearsay exception." *Id.* at ¶ 15. This case, however, was subsequently vacated on reconsideration by *In re Sherman*, 3d Dist. Hancock Nos. 05-04-47, 05-04-48, and 05-04-49, 2005-Ohio-5888. On reconsideration, the court recognized that "Ohio courts have held that '[a] trial court may consider the report of a court-appointed investigator without the oral testimony of the investigator and despite the hearsay inherent in such a report.'" (Citations omitted.) *Id.* at ¶ 29.

{¶17} In the present case, the guardian ad litem was cross-examined by both parties. Nor did the domestic relations court's judgment rely exclusively on hearsay statements. Ruiz cites to the following finding from the court's judgment: "Mother has made the children aware throughout the years of the instant litigation and other adult issues. The Guardian Ad Litem indicated in her report that the children know Mother does not like Mrs. Musa [Ivana Gavran]." The children's awareness of Ruiz' dislike of Gavran, however, was only one factor in the court's judgment. Moreover, there was direct testimony (albeit disputed) of Ruiz displaying her animosity in front of the children thus corroborating the guardian's report. The court noted Gavran's testimony that "if the Defendant is on Face Time with the children and Mrs. Musa is seen by the Plaintiff on the screen, the Plaintiff terminates Face Time," and that, "[d]uring a soccer game, the Plaintiff insisted one of the parties' children take off the sweatshirt being worn because it belonged to Mrs. Musa's child." Again, Ruiz herself testified that Gavran is blocked from contacting the children on their iPhones. *Id.* at ¶ 31 (where "the GAL testified at the hearing and was

6

examined by both parties * * * the trial court was permitted to consider the contents of the report irrespective of the hearsay contained therein").

{¶18} The third assignment of error is without merit.

{¶19} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, terminating the shared parenting plan and designating Musa the sole residential parent and legal custodian of the parties' minor children, is affirmed. Costs to be taxed against the appellant.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.